# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06cv424

| | |
|---|---|
| PATRICIA V. KOPCZEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, d/b/a ) | |
| CAROLINAS HEALTHCARE ) | |
| SYSTEM and CAROLINA ) | |
| PHYSICIANS NETWORK ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Document #2) and Plaintiff's Motion to Remand (Document #4).

## FACTS

Plaintiff Patricia Kopczewski ("Kopczewski") was hired as the Director of Marketing for Carolinas Physician's Network on April 25, 2005.

On April 21, 2006, Kopczewski gave a marketing presentation for the opening of a new medical plaza. In that presentation, Kopczewski included a picture of an African-American. During that presentation, Kopczewski received criticism that she felt was racist and complained to her superiors.

In May 2006, Kopczewski was given the choice to resign or be terminated for cause. She now brings claims for wrongful discharge, defamation, and breach of implied contract.

**ANALYSIS**

The Court will first address Plaintiff's Motion to Remand. If the Motion to Remand is granted, Plaintiff's Motion to Dismiss will no longer be before this Court.

**Motion to Remand**

Defendants removed this action from state court to federal court pursuant to 28 U.S.C. § 1441, which provides, in relevant part, ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." A federal district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, under 28 U.S.C. § 1332, this Court has original jurisdiction over all civil actions involving citizens of different states, where the amount in controversy is over $75,000. Neither Defendant nor Plaintiff dispute the amount in controversy in this case, nor does either party allege that diversity jurisdiction is appropriate. Thus, the only way for this Court to have jurisdiction over the Plaintiff's claims are if they are covered by a federal question.

In determining whether or not a claim falls under federal jurisdiction, the plaintiff is considered to be "master of his claim." Caterpillar, Inc. v. Williams, 482 US 386 (1987). Where a plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claims and alleging only the state claims. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984).

In this case, Kopczewski only alleges claims under state law; therefore, her case was

improperly removed to federal court.

Kopczewski has three separate claims: wrongful discharge, defamation, and breach of implied contract. Each of those claims is brought under the appropriate North Carolina law. Nowhere in those claims does she plead an action that would lead this Court to have jurisdiction pursuant to a federal question. Nor are her claims "artfully pleaded" in an attempt to avoid federal jurisdiction; rather, her claims are properly heard before a state court.

Finally, Kopczewski's reference to "violation of many State and Federal laws" (Complaint ¶ 29), is not sufficient to provide this Court with jurisdiction. Despite this passing reference to federal law, none of Kopczewski's claims are alleged in a way to provide federal jurisdiction, nor are her claims properly heard before this Court.

### **Motion to Dismiss**

Since this Court finds that Plaintiff's case is properly remanded to the state court, there is no need for this Court to address the pending Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand is hereby **GRANTED**.

Signed: March 28, 2007

Graham C. Mullen
United States District Judge